**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                      **CRIMINAL ACTION NO. 3:14-CR-07
(JUDGE GROH)**

**DERWIN LEE HARRIS and
LAMARCUS LASHAWN ROBINSON,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the report and recommendation of United States Magistrate Judge James E. Seibert. On April 1, 2014, Defendant Harris filed a motion to suppress evidence. On April 2, 2014, this Court referred Defendant's motion to suppress to Magistrate Judge Seibert for submission of a proposed report and recommendation. Magistrate Judge Seibert filed his report and recommendation [Doc.50] on May 8, 2014. In that filing, he recommended that this Court deny Defendant Harris' motion to suppress [Doc. 31].

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, Magistrate Judge Seibert ordered that objections be filed by May 13, 2014. Defendant Harris timely filed his objection on May 13, 2014. Accordingly, this Court will undertake a *de novo* review of those portions of Magistrate Judge Seibert's findings to which objection is made. This Court will review the remainder of the report and recommendation for clear error.

## II. Background

Defendant Harris is charged in a six-count superseding indictment related to the distribution of controlled substances at or near Martinsburg, West Virginia along with his co-defendant, Lamarcus Lashawn Robinson. Count One charges Defendant Harris and Defendant Robinson with intent to distribute and distribution of cocaine base, heroin, and cocaine. Count Two through Five charges that Defendants aided and abetted possession with intent to distribute cocaine base, cocaine, and heroin on July 7, 2013. Count Six charges Defendant Harris with possession of firearms in furtherance of drug trafficking crime on May 10, 2013.

On April 1, 2014, Defendant Harris filed a motion to suppress evidence obtained during and after the stop of the vehicle driven by him. On April 15, 2014, the United States filed its response. On May 6, 2014, Magistrate Judge Seibert held an evidentiary hearing and argument on Defendant's motion. At the hearing, the United States presented the testimony of Sergeant Craig Phelps and Corporal Justin Harper from the

2

Martinsburg City Police Department. Defendant presented the testimony of his co-defendant in this case, Defendant Robinson, who is also Defendant Harris' nephew.

### III. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of motions to suppress evidence in a criminal case. See 28 U.S.C. § 636(b)(1)(A), (B). A party may file written objections to the report and recommendation within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1). A district judge must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The United States Supreme Court has held that "on these dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).

### IV. Discussion

Defendant objects to Section III(B)(3) of Magistrate Judge Seibert's report and recommendation, which is Magistrate Judge Seibert's finding that the testimony of Sergeant Phelps and Corporal Harper was credible regarding the reason for the stop of Defendant Harris' vehicle. Therefore, this Court reviews Magistrate Judge Seibert's credibility finding *de novo* as that is the only section of the report and recommendation to which Defendant Harris objects. To address this issue, the Court has considered the transcript of the hearing before Magistrate Judge Seibert on the motion to suppress, the parties' memoranda, the recommendation of Magistrate Judge Seibert, and Defendant

3

Harris' objection. Although Defendant objects to Magistrate Judge Seibert's credibility determination, this Court is not required to "rehear the contested testimony in order to carry out the statutory command to make the required 'determination.'" Raddatz, 447 U.S. 674.

Upon a review of the transcript from the evidentiary hearing, Sergeant Phelps testified that he stopped Defendant's vehicle, a white Dodge Intrepid, for a blown registration light on July 7, 2013 at approximately 1:15 a.m. After conducting the search of the vehicle, Sergeant Phelps learned that Defendant Robinson's twelve-year-old son was alone in the Days Inn hotel. Additionally, Defendant Harris had told the officers that there was a large amount of drugs inside his hotel room at the Days Inn. At that point, the officers decided it would be best to apply for a search warrant to search the hotel room at the Days Inn. Sergeant Phelps had already left the scene of the traffic stop and was at the Days Inn attempting to make contact with Defendant Robinson's son. Therefore, Corporal Harper, who was applying for the search warrant, contacted Sergeant Phelps to obtain more information. At that time, there was a miscommunication about the reason for the initial traffic stop. Corporal Harper states he misunderstood what Sergeant Phelps had told him. Corporal Harper typed a blown taillight as the reason for the initial traffic stop in the search warrant. However, Sergeant Phelps testified he told Corporal Harper it was a blown tag light, a common phrase used to refer to a registration light. Corporal Harper explained this discrepancy as a simple miscommunication over the phone.

Defendant Harris objects to Magistrate Judge Seibert's finding that the testimony

4

of Corporal Harper and Sergeant Phelps was credible because Defendant's nephew and co-defendant, Lamarcus Robinson, also testified at the hearing. However, Defendant Robinson testified that he had purchased an inspection of the vehicle two days before the traffic stop and that he had performed a visual inspection of the vehicle, and both of those inspections did not reveal a blown registration light.

Although the parties offered conflicting evidence in regards to the blown registration light, Magistrate Judge Seibert found that Sergeant Phelps testimony was credible because his testimony aligned with his completed police report following the incident and even under the pressure of cross-examination, "he did not waiver in his belief that the registration light was broken." Additionally, Corporal Harper provided a sufficient explanation for the miscommunication of "taillight" and "tag light" when he completed the affidavit in support of the search warrant because officers commonly refer to a registration light as a tag light. Therefore, the similarities between taillight and tag light created a probable explanation for the miscommunication. Additionally, a reviewing court "must take a deferential standard regarding the credibility of witnesses where the magistrate judge sits as a trier of fact." United States v. Northington, No. 7:11-CR-41-FL, 2012 WL 333764, *2 (E.D.N.C. Jan. 31, 2012) (agreeing with the magistrate judge's findings of witness credibility during a pre-trial motion to suppress hearing); see also McNairn v. Sullivan, 929 F.2d 974, 977 n.3 (4th Cir. 1991) (noting that "[f]indings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses").

5

However, even without taking a deferential standard of review in regards to Magistrate Judge Seibert's credibility determinations, the Court finds that the testimony of Sergeant Phelps and Corporal Harper was credible.  Upon an independent review of the record in this matter, the Court finds that the testimony of Sergeant Phelps and Corporal Harper meet the United States' burden of showing by a preponderance of the evidence that Sergeant Phelps had probable cause to stop the car.  Although Defendant put forth some evidence regarding whether the registration light was operational through the co-defendant's testimony, the Court finds that Defendant Harris' evidence is insufficient to overcome Sergeant Phelps' testimony that the registration light was nonoperational.  Indeed, Defendant's counsel thoroughly cross-examined Sergeant Phelps, and his testimony was unwavering.  See United States v. McGee, 736 F.3d 263, 270-71 (4th Cir. 2013) (upholding district court's credibility determinations that found the officer credible because his testimony was "frank and earnest" and "unwavering").  Additionally, Corporal Harper provided a convincing explanation for the miscommunication between taillight and tag light.  Finally, the Court has reviewed the remainder of the report and recommendation for clear error, and it has not found that Magistrate Judge Seibert committed clear error.  For all these reasons, the Court adopts Magistrate Judge Seibert's report and recommendation.

## V.  Conclusion

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Seibert's report and recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Further, Defendant Harris'

6

objection is **OVERRULED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: June 3, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE